IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TASHA CHAPMAN,**

    **Plaintiff,**

        Case No. 2:24-cv-1865
        Judge Michael H. Watson
v.        Magistrate Judge Elizabeth P. Deavers

**DAVID YOST,**

    **Defendants.**

### ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Tasha Chapman's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**.  (ECF No. 1.)  Plaintiff is required to pay the full amount of the Court's $405.00 filing fee.  28 U.S.C. § 1915(b)(1).  It is **ORDERED** that Plaintiff be allowed to prosecute her action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for consideration of the Motion by Pro Se Litigant to Obtain Electronic Case Filing Rights.  (ECF No. 2.)  Plaintiff, appearing *pro se*, seeks leave to participate in electronic case filing (e-filing) in this action.  (*Id.*)  Plaintiff's Motion, ECF No. 2, is **DENIED WITHOUT PREJUDICE**.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  Having performed the initial screen of the

Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1] Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

## II.

Plaintiff, proceeding without the assistance of counsel, brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), alleging that Defendant – the Attorney General of Ohio – has engaged in unlawful debt collection practices related to Plaintiff's unpaid court costs in the Franklin County Court of Common Pleas. (*See* ECF No. 1-1.)[1]  A claim under the FDCPA has four elements: (1) Plaintiff is a "consumer" as defined in Section 1692a(3); (2) the "debt" arises out of a transaction which is "primarily for personal, family, or household purposes"; (3) Defendant is a "debt collector" as defined in Section 1692a(6); and (4) Defendant has violated one of the prohibitions in the FDCPA.  *Martin v. PHH Mortg. Corp.*, No. 2:23-CV-159, 2023 WL 5241546, at *2 (S.D. Ohio Aug. 15, 2023) (citing *Wallace v. Washington Mutual Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012)).

Against that backdrop, Plaintiff has failed to state a claim under the FDCPA.  While Plaintiff frames her grievance as relating to Defendant's collection of unpaid court costs, it is clear that Plaintiff actually challenges the legitimacy of those costs – not the collection of them. Specifically, Plaintiff alleges that the Franklin County Court of Common Pleas (the "FCCCP") offices have been "vacant" since February 3, 2023 and that they "are currently hijacked by civil servant impersonators" who have no legal authority.  (ECF No. 1-1 at PAGEID ## 6-8.)  From these allegations, Plaintiff concludes that the Franklin County Court of Common Pleas "is **NOT** a '**court of competent jurisdiction**'" and instead is "currently an *organized crime operation*

---

[1] Plaintiff also suggests that Defendant and certain non-parties have violated other federal and state statutes, as well as the United States Constitution, *see* ECF No. 1-1 at PAGEID ## 5-7, but it is clear to the Court that Plaintiff's claims against Defendants ultimately only pertain to alleged collection letters served upon Plaintiff for payment of a state court debt. (*See id.* at PAGEID # 11, ¶ 15 ("For all these reasons the collection letters are *unfair practices* . . . and violate[] **15 U.S.C. 1692 'e' and 'f', § 806 and § 808** of the **FDCPA**.") (emphasis in original); PAGEID ## 11-12 (seeking injunctive relief "compelling compliance of the FDCPA").)

engaging in unconstitutional[] felony convictions . . . in a conspiracy" to target African Americans.  (*Id.* at PAGEID # 8, ¶ 10 (emphasis in original).)  Plaintiff then alleges that that the FCCCP Clerk of Courts has unlawfully charged her for unpaid civil court costs.  (*Id.* at PAGEID # 9, ¶ 11.)  Because Plaintiff believes the FCCCP is not a court of competent jurisdiction, she alleges that Defendant has made a false and misleading representation, in violation of the FDCPA, by identifying the FCCCP as the creditor.  (*Id.* at PAGEID # 10, ¶ 14.)

 Plaintiff's Complaint is misguided.  Even liberally taking the remainder of Plaintiff's allegations as true, it was not "false and misleading" for Defendant to identify the FCCCP as the creditor of the underlying debt for purposes of stating a claim under the FDCPA.  By Plaintiff's own admission, the FCCCP *is* the creditor which has charged her fees and seeks her payment, regardless of whether Plaintiff believes the FCCCP is a court of competent jurisdiction.  (ECF No. 1-1 at PAGEID # 9, ¶ 11.)  Accordingly, while Plaintiff "do[es] not acknowledge owing one penny" to the FCCCP, *id.* at PAGEID # 10, ¶ 13, Plaintiff's claim goes towards the validity of the underlying debt – not Defendant's statements regarding it.

For these reasons, Plaintiff has failed to state a viable claim under the FDCPA.  Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims in their entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief can be granted.

### III.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted.  It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation

would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: April 22, 2024                     /s/ *Elizabeth A. Preston Deavers*
                                          ELIZABETH A. PRESTON DEAVERS
                                          UNITED STATES MAGISTRATE JUDGE

6